UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08CV129-3-W
(3:04CR257-W)

| MARGARET CATHERINE SMITH, | ) |
| --- | --- |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) **O R D E R** |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |
| | ) |

**THIS MATTER** is before the Court on Petitioner's motion for reconsideration of this Court's denial of her Motion to Vacate, Set Aside, Or Correct Sentence under 28 U.S.C. § 2255 (Document No. 4.) For the reasons stated herein, Petitioner's motion is dismissed.

## I. PROCEDURAL HISTORY

The record reveals that Petitioner was indicted by the Grand Jury in a multi-count indictment by the Grand Jury on September 29, 2004 with multiple counts of fraud and identity theft. On March 24, 2005, Petitioner plead, pursuant to a Plea Agreement, to Counts One, Two, Ten, Eighteen and Twenty of the Indictment.[1] Magistrate Judge Carl Horn III conducted a Plea and Rule 11 hearing and conditionally accepted Petitioner's plea after finding that the plea was knowingly and voluntarily

---

[1] Count One charged Petition with conspiracy to defraud the United States in violation of 18 U.S.C. § 371; in Count Two Petitioner was charged with making, uttering and possessing counterfeit securities in violation of 18 U.S.C. § 513A; in Count Ten Petitioner was charged with fraud with identification documents in violation of 18 U.S.C. § 1028; in Count Eighteen Petitioner was charged with using and trafficking in counterfeit credit cards, in violation of 18 U.S.C. § 1029(a)(1); and in Count Twenty Petitioner was charged with bank fraud in violation of 18 U.S.C. § 1344.

1

made and that Petitioner understood the charges, potential penalties and consequences of his plea. (See Criminal case 3:04cr257: Entry and Acceptance of Guilty Plea Form.) On April 12, 2007, the undersigned accepted Petitioner's plea and sentenced Petitioner to 72 months imprisonment.[2] (Id.: Judgment.) Petitioner did not file an appeal in the Fourth Circuit Court of Appeals. Instead, on March 24, 2008, Petitioner filed a Motion to Vacate alleging that the Court and the Government refused to give her the three level reduction for acceptance of responsibility promised in her plea agreement, her criminal history points may have double counted and her attorney was ineffective for failing to discuss these issues with her. By Order dated April 9, 2008, the undersigned denied Petitioner's Motion to Vacate. (Doc. No. 2.) Petitioner filed the instant motion seeking reconsideration of this Court's Order denying her Motion to Vacate based on newly discovered evidence – that being that she only just found out her attorney was under investigation and has since been convicted.

Petitioner makes her motion pursuant to Federal Rule of Civil Procedure 60(b)(1) and (2) which provides for relief from judgment for a variety on enumerated reasons including mistake, inadvertence, surprise of excusable neglect and newly discovered evidence. Petitioner contends that she only just learned that her attorney was under investigation, presumably while representing Petitioner, and has since been convicted. Petitioner argues that had she been aware of this information, she would have had the opportunity to decide if she wanted her counsel to continue to represent her. Petitioner opines that as a result of the government's investigation of her counsel, her counsel's representation of Petitioner may have been compromised. Petitioner asks that Court vacate

---

[2] Counts Three, Seven, Nine, Thirteen. Fourteen, Sixteen, Nineteen, and Twenty-two were dismissed on the Government's motion at Sentencing.

her sentence as a result of this possible "inadequate and improper representation."

First, Petitioner offers no evidence of when the investigation of her counsel took place relative to Petitioner's criminal case. Next, Petitioner's claim that counsel's representation of her may have been compromised is vague and unsupported by any evidence. Finally, Petitioner does not point to any particular conduct by her attorney that was deficient.

Petitioner's claim is a new claim not previously raised in her Motion to Vacate. This new claim is a direct attack to Petitioner's conviction and sentence in that Petitioner specifically asks this Court vacate her sentence. As such, Petitioner's motion amounts to a successive petition. United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003).

A successive petition is available only in limited circumstances and courts must not allow prisoners to circumvent these limited circumstances by attaching labels other than "successive application" to their pleadings.[3] Calderon v. Thompson, 523 U.S. 538, 553 (1998). The Fourth Circuit has instructed that while there "may be no infallible test" for distinguishing between a proper motion to reconsider from a successive petition, "a relatively straightforward guide is that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive petition. New legal arguments or proffers of additional evidence will generally indicate that the prisoner is not seeking the relief available pursuant to a motion for reconsideration, but instead, is continuing his collateral attack on his conviction or sentence. United States v. Winestock, 340 F.3d 200 (4th Cir. 2003) (Petitioner's motion for reconsideration arguing that (1) the court erred in refusing to apply Apprendi retroactively, (2) his appellate lawyer provided ineffective assistance of counsel in failing to raise his Apprendi claims, and (3) his lawyer performed deficiently in failing to disclose that he

---

[3] Petitioner did not label his motion, but cites to Rule 60(b) in the text of her motion.

3

had been imprisoned and disbarred, was a successive petition over which the district court had no jurisdiction).

Here, Petitioner is clearly continuing to attack her sentence and therefore, this Court will construe her motion as a successive petition.[4] The Antiterrorism and Effective Death Penalty Act requires that a "second or successive motion must be certified . . . by a panel of the appropriate court of appeals . . ." before it can be filed in the District Court. Id. "Before a second or successive application [for habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244 (b)(3)(A). Thus, this Court may not consider the merits of Petitioner's claim in her motion to reconsider because she failed to first certify her motion with the Fourth Circuit Court of Appeals before filing it in the District Court.

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion (Doc. No. 4.) is Dismissed.

**SO ORDERED**.

Signed: March 1, 2009

Frank D. Whitney
United States District Judge

---

[4] Petitioner's reliance on Gonzalez v. Crosby, 545 U.S. 524 is misplaced because the Gonzalez Court specifically limited its holding to proceedings under 28 U.S.C. § 2254. Id. at 530 n. 3.